*E-FILED - 11/10/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE REED, III, | ) | No. C 09-0715 RMW (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

On February 18, 2009, petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 3, 2009, the court ordered petitioner to show cause why the case should not be dismissed for failure to exhaust. On July 31, 2009, petitioner responded. For the reasons stated below, the court DISMISSES this action for failure to exhaust.

In the petition, petitioner challenges his 2001 guilty plea conviction to second degree robbery with a weapon. (Pet. at 2.) Petitioner was sentenced to twenty-two years. (Id.) Petitioner conceded that he has not filed a direct appeal, nor any state habeas petition. (Id. at 3-5.) In his response to the court's order to show cause, petitioner makes a general allegation that his claims were fairly presented to the state courts. (Response, p. 1.) In support of that statement, however, petitioner attaches an order from the Superior Court of California, County of Alameda, dated May 21, 2009, denying petitioner's state habeas petition which had been filed on March 23, 2009. (Id. at 2.)

Importantly, petitioner does not demonstrate or allege that any of his claims have been

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Reed715dis.wpd

1  fairly presented to the California Supreme Court.  See James v. Borg, 24 F.3d 20, 24 (9th Cir.
2  1994).  Even though non-exhaustion is an affirmative defense, the petitioner bears the burden of
3  proof that state judicial remedies were properly exhausted.  See Darr v. Burford, 339 U.S. 200,
4  218-19 (1950) ("petitioner has the burden . . . of showing that other available remedies have
5  been exhausted"), overruled on other grounds, Fay v. Noia, 372 U.S. 391 (1963).  As a matter of
6  comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the
7  available state judicial remedies.  See Rose v. Lundy, 455 U.S. 509, 518-22 (1982).  Because
8  petitioner has not exhausted his claims, this court is required to dismiss this action.  See Jiminez
9  v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

## CONCLUSION

Accordingly, this case is DISMISSED without prejudice for failure to exhaust.  The Clerk shall terminate all motions, enter judgment, and close the file.

IT IS SO ORDERED.

DATED:  __11/6/09_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Reed715dis.wpd          2